BOARD OF SUPERVISORS OF ATTALA COUNTY *v.* C. C. KELLY.

1. TAXATION. *Legislative exemption. Vested right.*
    Exemption from taxation by legislative act is not a vested right, but may be changed or lost by subsequent legislation. *Cook* v. *Mississippi Mills*, 56 Miss. 40.

2. SAME. *Legislative power. Banks. Privilege tax. Laws* 1890, p. 6.
    So much of the statute (Laws 1888, p. 8) as exempted banks from state, county and municipal taxes, on payment of a privilege tax, was repealed by the act of February 24, 1890, after which act a bank was subject to *ad valorem* taxes, although it held an unexpired privilege-tax license for the year, paid prior to February 1. It was competent for the legislature to impose both taxes.

FROM the circuit court of Attala county.
HON. C. H. CAMPBELL, Judge.
The opinion states the facts.

*Allen & McCool,* for appellant.

Appellee is liable for the whole tax imposed by the act of 1890, unless this act is void. There being no conflict between this statute and the constitution of this state and of the United States, it must be enforced as written. The legislative power to tax is an inherent sovereignty and its seeming injustice cannot defeat it. Liability to abuse is no argument against the existence of a power in the legislature. Want of perfect equality in the assessment and collection of a tax does not invalidate the law. Absolute equality and uniformity under the constitution is not attainable.

Cooley on Taxation, 3, 164, 165. So long as the legislature acts within its power, the courts cannot intervene to prevent supposed oppression. Ib. 6, 43, 44; *Miss. Mills* v. *Cook*, 56 Miss. 40; *Beck* v. *Allen*, 58 Ib. 143; *Murry* v. *Lehman*, 61 Ib. 283; *Vicksburg* v. *Worrell*, 67 Ib. 47.

Kelly had no contract with the state or county. He paid his privilege tax with knowledge that the legislature might modify or repeal the law giving exemption. Burroughs on Taxation, 148; 1 Desty on Taxation, 302. The imposition of both privilege and *ad valorem* tax is constitutional. Ib. 219.

*E. F. Noel*, on the same side.

Under the decision in the case of *Miss. Mills* v. *Cook*, 56 Miss. 40, the liability of appellee seems plain.

The legislature of 1888 could not bind a subsequent legislature by an exemption from taxation. The exemption applied only while the act 1888 was in force, but it was expressly repealed by the act of 1890.

The privilege tax imposed by the former act was not such a tax as was contemplated by the equality and uniformity clause of our constitution. Under it banks were not "taxed in proportion to value," therefore the privilege tax and the *ad valorem* tax do not conflict, but might both exist at the same time.

*T. M. Miller*, attorney-general, on the same side.

Banks became subject to *ad valorem* taxes by the act of 1890. There is no exception in the language. So, unless appellee acquired a vested right, he is liable to the *ad valorem* taxes for 1890. If the act of 1888 had given an option to pay one or the other kind of taxes, it might be claimed that paying under such option the taxing power of the state was exhausted. But there is no element of contract in the performance of a duty enjoined with penal sanction. Appellee at best has only an equity that might commend him to the legislature.

*Anderson, Hayden & Davis*, for appellee.

The payment of the tax imposed by the act of 1888 was more than a mere privilege. That act provided a mode of taxation

based on the amount of property owned by a bank—not an exemption or gratuity, but a tax on the property used in a business and as a *substitute* for all other taxes. It amounted to a contract between the state and Kelly, that upon the payment of a tax of $1000 on the property embarked in his banking business, he should be liable for no other taxes. This being true, it was not competent for the legislature to impose any further tax on said property. That our view is correct, and that Kelly secured an immunity from all other taxes, is clear in view of the opinion of the court in *Vicksburg Bank* v. *Worrell*, 67 Miss. 47. The attorney-general concedes that if this is true, the cause should be affirmed.

*Nugent & McWillie*, on the same side.

There is no question of exemption involved. It is conceded that the state may recall an exemption when not resting in contract. But when the particular tax demanded and paid in advance is, by express law, to be in full of all state, county and municipal taxes for the current year, a contract is entered into between the state and the tax-payer upon a valuable consideration, and its obligation cannot be impaired by after-legislation. The contract with appellee was fully executed before the act of 1890 was passed ; Kelly could under existing laws continue his business until February 1, 1891. The case is not analogous to payments for liquor license. There the tax is intended to cover only the right to vend liquors. The seller may have a stock of liquors worth $1000 or $100,000. The tax will be the same. Cooley on Taxation, 52 ; *Gordon* v. *Tax Court*, 3 How. (U. S.) 133. But here the rate of taxation is fixed and limited, and based on value. *State* v. *Parker*, 32 N. J. 426 ; Cooley on Taxation, 406–410.

COOPER, J., delivered the opinion of the court.

By § 585 of the code of 1880, certain privilege taxes were levied upon those persons following the vocations therein named. The privilege taxes therein levied upon banks were proportioned according to the population of the towns in which the banks were located, and the capital stock of the banks, and the tax levied was in lieu of

all taxes on the assets of the banks. By the act approved March 8, 1888, and entitled "An act to amend sections 557 and 585 of the code of 1880, so as to increase the public revenue, and provide for the faithful collection of the same," the following privilege taxes were levied upon banks :—

On each bank having capital stock or assets of $10,000,
  or less,     .     .     .     .     .     .     .     . $   100  00
On each bank with more than $10,000, and less than
  $25,000,     .     .     .     .     .     .     .     .     250  00
On each bank with more than $25,000, and less than
  $50,000,     .     .     .     .     .     .     .     .     500  00
On each bank with more than $50,000, and less than
  $75,000,     .     .     .     .     .     .     .     .     750  00
On each bank having more than $75,000, and less than
  $100,000,     .     .     .     .     .     .     .     .   1,000  00

It was further provided that, "the privilege taxes imposed upon and paid by such banks of deposit or discount shall be in lieu of all other taxes, state, county and municipal, upon the shares and assets of said banks." On the 1st of February, 1890, C. C. Kelly, the appellee, paid to the proper officer a privilege tax of $1,000 as the tax due for carrying on the business of banker for one year from that date, and received a proper receipt therefor. By the act approved February 24, 1890, entitled "An act to amend the revenue laws," the act of March 8, 1888, was, among other things, amended by striking out "all of said chapter 3 of the act of 1888 relating to the taxation of banks of deposit or discount, and all provisions relating thereto, and insert the following : 'All banks or banking associations shall pay *ad valorem* taxes to be assessed and collected as follows,'" which provision was followed by an article directing how the property of banks should be assessed and the taxes thereon collected. The assessor of Attala county having assessed the property of the appellee invested in his banking business ($79,531.56) for taxation for the year 1890, he applied to the board of supervisors to have such assessment stricken from the rolls, which being denied, he appealed to the circuit court, where a judgment was

entered in accordance with his petition, and from that judgment the board of supervisors prosecutes this appeal.

It is not contended by counsel for the appellee that the provision of the act of 1888, under which appellee claims his exemption from the payment of an *ad valorem* tax on his property, is not repealed by the act of 1890. Such contention, in view of the positive language of the later act, would be futile. The position of counsel is that, by compliance with the terms of the act of 1888 before its repeal, he secured, free from legislative control, and free from its power to impose any other tax upon the property of the bank, the privilege or right of conducting the business until the expiration of the time for which the privilege tax had been paid. This position is wholly untenable.

It was competent for the legislature to have imposed both the privilege tax provided by the act of 1888, and, in addition thereto, a full *ad valorem* tax upon the property used in the business conducted. The exemption from the *ad valorem* tax upon payment of the privilege tax imposed was declared by the legislature *ex gratia*, and was void of any element of contract. So long as that act stood unrepealed, it was the law under which both the obligation and the exemption of the citizen existed, and in *Bank* v. *Worrell*, 67 Miss. 47, we declined to engraft exceptions upon the exemption provided by the act.

The most that can be claimed is that the act allowed an exemption from taxation, and it is well settled that, even when this is done by a charter, it is repealable by a subsequent legislature. *Cook* v. *Mississippi Mills*, 56 Miss. 40.

*The judgment of the circuit court is reversed and the petition dismissed.*